UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNATHAN PHELPS | CIVIL ACTION |
| VERSUS | NO. 26-15 |
| DEPUTY AARON HILLHOUSE ET AL. | SECTION "A" (2) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (R. Doc. 11)**, filed by Defendants, Aaron Hillhouse, in his individual capacity, the St. Tammany Parish Sheriff's Office, and the St. Tammany Parish Correctional Center. Plaintiff, Johnathan Phelps opposes the motion to dismiss. The motion was set for submission on February 18, 2026. [1] For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

## I.    Background

Plaintiff, Johnathan Phelps, alleges that on July 4, 2024, while a pretrial detainee booked in the St. Tammany Parish Correctional Center (i.e, the St. Tammany Parish Jail "STPJ"), Deputy Hillhouse took a photograph of him partially nude in a holding cell.[2] Deputy Hillhouse then allegedly shared those photographs via the social media app Snapchat with Roxie Haik, a person known to Phelps.[3] On July 14, 2024, Phelps filed an Inmate Grievance complaint with the St. Tammany Parish Sheriff's Office ("STPSO").[4] The Sheriff's Office sent its response to Phelps on July 18, 2024, stating that the complaint was unfounded after an "extensive review of the facility video system" revealed no instances in which a deputy took photos of Phelps.[5]

---

[1] The Court granted Plaintiff's request to extend his time to file his opposition by 30 days. R. Doc. 16.
[2] R. Doc. 1, Complaint, at 2.
[3] *Id.*
[4] R. Doc. 1 at 2.
[5] R. Doc. 11-3, Response to Inmate Grievance. Confusingly, Plaintiff's Inmate Grievance states that "Deputy Hines" took the photo then sent it to Plaintiff's cousin "Charlie Easterlin" and that the photo "has

Months later, on November 15, 2024, Phelps submitted a second Inmate Grievance form claiming that he was suffering from mental distress stemming from a Prison Rape Elimination Act ("PREA") incident committed by Deputy Hillhouse.[6] Phelps marked the incident date as October 17, 2024, and did not mention the July 4th incident in the report.[7] On November 20, 2024, Phelps received a response from jail medical, which deemed his complaint unfounded after several follow-up evaluations were conducted.[8] Following the medical provider's findings, Phelps sought a Warden's Review on December 30, 2024, which was denied as untimely. Phelps took no further steps to appeal either the July 2024 finding, or the December 2024 rejected appeal request until he filed his complaint with this Court on January 5, 2026. In his complaint, Phelps does not mention his initial July 2024 report or its denial as unfounded.

The STPSO and STPCC move to dismiss the claims against them because they are not legal entities capable of being sued. The defendants also move to dismiss the case on the grounds that Phelps has not exhausted his administrative remedies and fails to state a claim for which relief can be granted. Because administrative exhaustion is an affirmative defense, the Court will first review this issue. It will only consider the merits of Phelps' claims if it finds that he has exhausted his administrative remedies.

## II.    Legal Standard

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, district courts employ the two-pronged approach utilized in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

---

then made its way to other family and close friends." He also states that "somebody by the name Hillhouse played a part in the sending and receiving of these photos." R. Doc. 11-2. The Response to the Inmate Grievance notes that "Dfc. Hines" did not take any pictures, without reference to Deputy Hillhouse. R. Doc. 11-3. There is no mention of Deputy Hines or Charlie Easterlin in the complaint.

[6] R. Doc. 11-4.

[7] *Id.*

[8] R. Doc. 11-5.

A court "can choose to begin by identifying pleadings that, because they are no more than [unsupported] conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). But "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)).

The court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint*." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005). Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint. Still, courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

Phelps did not attach his Inmate Grievances to his complaint. But Defendants attached them to their motion to dismiss and have contended that the Court may properly consider the

3

records because they are referred to in Plaintiff's pleadings and are central to his claims.[9] The Fifth Circuit has approved such a procedure. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The Court is persuaded that the Inmate Grievances are appropriately considered in establishing the basis of the suit, and in assisting the Court in making the elementary determination of whether a claim has been stated and if the mandatory administrative review process was followed.

### III.    Discussion

As an initial matter, the Court finds that neither STPSO nor the St. Tammany Correctional Center (i.e., STPJ) are entities or persons capable of being sued. Rule 17(b) of the Federal Rules of Civil Procedure dictates that a suit must be brought against a person with the capacity to be sued, and state law governs whether a defendant has that capacity. FED. R. CIV. P. 17(b). Under Louisiana law, only entities characterized as "juridical persons" have the capacity to be sued. "A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership." LA. CIV. CODE ART. 24. The jurisprudence is clear that, in Louisiana, a Parish sheriff's office is not a legal entity capable of suing or being sued. *See e.g., Cozzo v. Tangipahoa Parish Council-President Government,* 279 F.3d 273, 283 (5th Cir. 2002). Likewise, "[c]orrectional facilities like the St. Tammany Correctional Center...are not considered to be 'persons' within the meaning of § 1983 as it is a building and not an entity or person capable of being sued." *Winans v. St. Tammany Correctional Center*, No. CV 17-4725, 2017 WL 4075131 (E.D. La. 2017) (citing *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp. 2d 545 (E.D. La. 2009); *Jones v. St. Tammany*

---

[9] R. Doc. 11-1, Memo. in Support of Mot. to Dismiss, at 3.

*Parish Jail*, 4 F.Supp. 2d 606 (5th Cir. 1998)). Accordingly, the claims against the St. Tammany Parish Sheriff's Office and St. Tammany Parish Correctional Center are dismissed with prejudice.

Next, under the Prison Litigation Reform Act ("PLRA"), an inmate must exhaust available administrative remedies before filing a suit based on prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion is mandatory for all suits about prison life, whether they involve complaints about general circumstances or particular episodes. *Id.* at 524, 532. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.* at 524. Exhaustion means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Woodford v. Ngo,* 548 U.S. 81, 91 (2006). Further, the administrative remedies that a prisoner must properly exhaust "are defined not by the PLRA, but by the [correctional facility] grievance process itself". *Jones v. Bock*, 549 U.S. 199, 211 (2007).

The Fifth Circuit requires that district courts take "a strict approach" to the exhaustion requirement, holding that "pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *see also Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) ("The purposes of this exhaustion requirement are to give an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court and to allow for claim resolution in proceedings before an agency because it is faster and more economical than litigation in federal court") (quotation omitted). For PLRA purposes, pretrial detainees are considered prisoners. *See* 42 U.S.C. § 1997e(h); *Pomier v. Leonard*, 532 F. App'x 553 (5th Cir. 2013).

Affirmative defenses, including non-exhaustion, may be appropriately asserted on a 12(b)(6) motion. *Luebano v. Office Depot, L.L.C.*, No. 22-50767, 2023 WL 4249268, at *3 (5th

Cir. June 29, 2023) (unpubl.). However, they are difficult to raise because the defendants bear the burden of proving that the plaintiff failed to exhaust available administrative remedies. *Foster v. Neil*, No. CV 24-0401, 2024 WL 5065211, at *3 (W.D. La. Nov. 20, 2024) (McClusky, J.), report and recommendation adopted, No. CV 24-0401, 2024 WL 5059161 (W.D. La. Dec. 10, 2024) (citing *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)). The Fifth Circuit has determined that dismissal on this basis is appropriate only if the defense is evident on the face of the complaint. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

Because of the high standard of proof, courts are hesitant to grant motions to dismiss on the grounds that a prisoner has failed to exhaust their administrative remedies. *E.g.*, *Rebaldo v. Jenkins*, 660 F.Supp.2d 755, 764 (E.D. La. 2009). To do so would require that the plaintiff's complaint admit that the administrative process was not exhausted. *See id. (*stating that the failure to exhaust is not certain in a case in which the prisoner has declared in the Complaint and in his opposition that he did complete exhaustion); *see also Jackson v. Epps*, No. CV 305-148, 2006 WL 2669918, at *2 (S.D. Miss. Sept. 14, 2006) (Barbour, J.) (dismissing suit because in prisoner's complaint, he contended that he filed an ARP but that it was returned and not accepted; he also stated that it was unnecessary for him to exhaust …).

Phelp's complaint contains an "exhaustion of administrative remedies" section where he alludes to the fact that he complied with the administrative process.[10] The Court, reading the documents attached to Defendant's motion, finds that Phelps has arguably not exhausted the remedies available to him because he did not timely file his grievance, nor did he appeal the Warden's Review to the Sheriff. Still, the Court declines to grant Defendant's motion as filed. In their Memorandum in Support, Defendants cite to previous court rulings to explain the

---

[10] R. Doc. 1 at 2.

6

Administrative Review Process ("ARP") for STPJ.[11] However, they do not attach any affidavits or the prisoner handbook. Doing so would show what the ARP was at the time Phelps filed his Inmate Grievances, that Phelps had knowledge of the procedure, and that Phelps did not follow the ARP for all of his claims (especially considering that there seems to be initial confusion as to which deputy allegedly took the photo, and when the harassing behavior took place). The Court does not find that Phelps' failure to exhaust is evident on the face of his complaint, and these issues can only be addressed through the proper procedural vehicle. So, the Court, out of an abundance of caution, will deny the motion as to this defense. This conclusion does not prevent the remaining defendant, Deputy Hillhouse, from filing a properly supported motion, perhaps one for summary judgment.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (R. Doc. 11**) is hereby **GRANTED** insofar as all claims asserted against the St. Tammany Parish Sheriff's Office and the St. Tammany Parish Correctional Center are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (R. Doc. 11)** is **DENIED** as to all remaining claims.

April 15, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[11] R. Doc. 11-1 at 12.