UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNATHAN PHELPS                                        CIVIL ACTION

VERSUS                                                 NO. 26-15

DEPUTY AARON HILLHOUSE ET AL.                          SECTION "A" (2)

## ORDER AND REASONS

The Court previously issued an Order (R. Doc. 27), addressing whether Plaintiff, Johnathan Phelps, exhausted the Administrative Review Process ("ARP") required before a prisoner may bring a suit regarding prison conditions. The Court now issues this Order to address Deputy Aaron Hillhouse's defense that he is entitled to qualified immunity.[1] This order assumes familiarity with this § 1983 case and recounts only those facts strictly necessary to resolve the pending motion. In short, the case arises from an incident that occurred while Phelps was a pretrial detainee booked in the St. Tammany Parish Jail. He alleges that Hillhouse took a picture of him while he was partially nude in a holding cell and shared the photo with a woman known to Phelps via the social media app Snapchat.[2] Hillhouse asserts that there is no viable cause of action against him, and even if the Court finds a violation, he is entitled to qualified immunity.[3]

Here, however, it is unnecessary to reach a conclusion as to whether Hillhouse is entitled to qualified immunity because Phelps has failed to allege any physical injury resulting directly from the incident. Under the relief portion of his complaint, he asks the Court that

> There be judgment entered in favor of Plaintiff and against Defendants in an amount that will fully and fairly compensate Plaintiff pursuant to the evidence and in accordance with the law, all sums with judicial interest thereon from date of judicial demand

---

[1] *See generally* R. Doc. 11-1, Def.'s Memo. in Support of Mot. to Dismiss.
[2] R. Doc. 1, Complaint.
[3] R. Doc. 11-1 at 3-4.

1

until fully paid, for all costs of these proceedings, and for all general and equitable relief.[4]

The Prison Litigation Reform Act of 1995 includes the following requirement: "*No* Federal civil action *may be brought* by a prisoner confined in a jail, prison, or other correctional facility, *for mental or emotional injury* while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (emphasis added). Phelps does not allege any specific physical "injuries" in this case, but he does complain of mental torment and anguish.[5] The Fifth Circuit has upheld the statutory physical injury requirement for prisoners who seek damages for intangible emotional or psychological harm, such as has been alleged by Phelps. *See e.g.*, *Harrison v. Smith*, 83 F. App'x 630, 631 (5th Cir. 2003) (holding that without a prior showing of physical injury, a prisoner may not maintain an action for his mental or emotional injuries). If Phelps' allegations are true, Hillhouse exhibited inappropriate behavior for his position of authority as a deputy. However, the Fifth Circuit is clear that a prisoner is barred from seeking compensatory damages if he has not suffered physical injuries resulting from the alleged incident.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (R. Doc. 11)** is hereby **GRANTED** as to Deputy Aaron Hillhouse, and the matter is **DISMISSED WITH PREJUDICE**.

April 21, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[4] R. Doc. 1 at 1.
[5] *Id.*